UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JOSEPH SMALLEY, | : | Civil No. 10-0553 (RBK) |
| Plaintiff, | : | |
| v. | : | **MEMORANDUM OPINION & ORDER** |
| ATLANTIC COUNTY JUSTICE FACILITY WARDEN AND OFFICERS, | : | |
| Defendants. | : | |

It appearing that:

1. Plaintiff Joseph Smalley ("Plaintiff"), an inmate confined at Atlantic County Justice Facility, seeks to bring this action in forma pauperis, pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. See Docket Entry No. 1. Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the complaint.

2. Plaintiff named, as Defendants in this action, warden Shawn Thomas and unspecified number of unspecified officers (whom the Court presumes to be employed at Plaintiff's place of confinement). See id. at 1 and 3. Plaintiff's pleading did not clarify how, specifically, the warden and unidentified officers were involved in the alleged violation of Plaintiff's constitutional rights. See generally, Docket Entry No. 1. Plaintiff merely asserted that he "was in lock down out for [his] hour when [he] look[ed] up [at an]other inmate [who, the Court presumes, was placed in the same cell, and – at that moment –

this inmate] was attacking [Plaintiff, consequently] sending [Plaintiff] to the hospital w[h]ere [Plaintiff] got 5 staples in [his] head [and] this happen[ed] around [the] end of [D]ecember 2008 [or at the] begin[ning of] January 2009."[1] Id. at 4.  Plaintiff seeks $2.5 million in unspecified damages, $5 million in punitive damages and, in addition, $2.5 million for "pain and suffering," seemingly distinguishing these damages from those designated as unspecified damages.  See id. at 5.

3. For the reasons detailed below, Plaintiff's allegations, as drafted, fail to state a cognizable claim.  This Court must dismiss, at the earliest practicable time, those in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e) (2); 28 U.S.C. § 1915A; 42 U.S.C. § 1997e.  In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Haines v. Kerner, 404 U.S. 519, 520-21; United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  However, when assessing the sufficiency of any civil complaint, a court must distinguish factual contentions -- which allege behavior on the part of the defendant that, if true, would satisfy one or more elements of the claim asserted -- and "[t]hreadbare

---

[1] While the issue of timeliness does not seem to be implicated in this matter (that is, if the Court is to presume Plaintiff's time line to be correct), the Court notes its concern with the fact that Plaintiff alleges that he suffered a severe physical injury, while simultaneously conceding that he has no recollection of the exact date when that severe injury occurred and even has no certainty as to the month during which this allegedly devastating event took place.

recitals of the elements of a cause of action, supported by mere conclusory statements." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

4. The holding of Iqbal, while applicable to all types of civil claims, is particularly relevant to allegations based solely on supervisory liability: a litigant does not state a cognizable claim if he asserts nothing but a claim based on the respondeat superior theory. See Iqbal, 129 S. Ct. at 1949-54; Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "'A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior.'" Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Personal involvement can be asserted through allegations of specific facts showing that a defendant directed, had actual knowledge of, or acquiesced in, the deprivation of a plaintiff's constitutional rights.[2] See id.; Monell, 436 U.S. at 694-95 (1978); cf. Advanta Corp. Sec. Litig., 180 F.3d 525, 534 (3d Cir. 1999) (quoting DiLeo v. Ernst & Young, 901 F.2d 624, 627 (7th Cir. 1990), for the observation that a pleading must indicate "'the who, what, when, where, and how: the first paragraph of any newspaper story'").

---

[2] Moreover, even if the litigant's claims are not based on the doctrine of respondeat superior, the litigant must assert specific facts implicating the named defendant. Personal involvement by a defendant is an indispensable element of a valid legal claim. See Baker v. Monroe Township, 50 F.3d 1186, 1190-91 (3d Cir. 1995); Sample v. Diecks, 885 F.2d 1099, 1100 (3d Cir. 1989); Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988); accord Mimms v. U.N.I.C.O.R., 2010 U.S. App. LEXIS 14321, at *4 (3d Cir. July 13, 2010) ("The District Court properly dismissed the claims against [those defendants with regard to whom the plaintiff] simply failed to state any allegation against," citing Iqbal, 129 S. Ct. at 1949).

5.  Here, Plaintiff's pleading makes it abundantly clear that Plaintiff named his warden as Defendant solely on the grounds of the doctrine of respondeat superior, since no statement made in the complaint suggests, even vaguely, that the warden either directed Plaintiff's placement in the cell with the inmate who allegedly assaulted him or promulgated any rules or policies on the basis of which Plaintiff's placement in the cell with his alleged assailant was executed. Since no statement made in the complaint suggests that Plaintiff might be able to cure this shortcoming by filing an amended pleading, Plaintiff's claims against his warden will be dismissed with prejudice.

6.  Moreover, Plaintiff's claims against the unnamed officers must similarly be dismissed. However, for the reasons detailed below and out of abundance of caution, the Court will dismiss these claims without prejudice, and will allow Plaintiff an opportunity to amend his pleading accordingly.

7.  The Court of Appeals recently stressed that:

    > The Eighth Amendment imposes "a duty on prison officials to take reasonable measures to protect prisoners from violence at the hands of other prisoners." Hamilton v. Leavy, 117 F.3d 742, 746 (3d Cir. 1997) (citations and internal quotations omitted). To establish a failure to protect claim, an inmate must demonstrate that: (1) he is "incarcerated under conditions posing a substantial risk of serious harm;" and (2) the prison official acted with "deliberate indifference" to his health and safety. Farmer [v. Brennan,], 511 U.S. [825,] 834 [(1994)]. "The official must actually be aware of the existence of the excessive risk; it is not sufficient that the official should have been aware." Beers-Capitol v. Whetzel, 256 F.3d 120, 133 (3d Cir. 2001).

    Glazewski v. Corzine, 2010 U.S. App. LEXIS 13510, at *8 (3d Cir. July 1, 2010)

    (original brackets removed).

8.  Here, Plaintiff does not allege any facts suggesting that the unspecified officers named as Defendants were actually aware of the existence of the excessive risk as to Plaintiff being attacked by another inmate; indeed, it appears that even Plaintiff himself was completely unaware of the danger until the very moment when he looked up at his attacker -- a split second prior to the alleged assault.  See generally, docket Entry No. 1.  Therefore, as drafted, Plaintiff's allegations fail to state a cognizable claim.

9.  However, the Court cannot rule out the possibility that Plaintiff, being given an opportunity to amend his pleading, might specify (by name or otherwise) the identities of the particular Defendants whom Plaintiff bona fide believes to be liable for his injuries,[3] and *in addition*, might state facts showing that these particular Defendants were actually aware of the existence of the excessive risk to Plaintiff's health or life when they placed Plaintiff in the cell with his alleged assailant.  Therefore, the Court finds it prudent and in the interest of justice to provide Plaintiff with an opportunity to detail his claims to that effect.

---

[3] The fact that Plaintiff does not know the names and/or titles of these officers neither nullifies nor reduces Plaintiff's claim, provided that Plaintiff can identify them by other means, e.g., by describing facts of their involvement in the alleged wrongs and eventually determine their identities through discovery for the purposes of effectuating service, if such measure becomes appropriate.  See Alston v. Parker, 363 F.3d 229, 233 n.6 (3d Cir. 2004) ("Plaintiffs may be unaware of the identities and roles of relevant actors and, owing to their incarceration or institutionalization, unable to conduct a pre-trial investigation to fill in the gaps.  But by itself, this lack of knowledge does not bar entry into a federal court. . . . [P]leading and the liberal discovery rules allow for meritorious claims to proceed even if a confined prisoner cannot adduce all the necessary facts at the outset.")

IT IS, therefore, on this  19th  day of   July  , 2010,

ORDERED that Plaintiff's application to proceed in forma pauperis is hereby granted, and the Clerk shall file the Complaint without prepayment of the filing fee; and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(b), the Clerk shall serve a copy of this Memorandum Opinion & Order, by regular mail, upon the Attorney General of the State of New Jersey and upon the Warden of Plaintiff's place of confinement; and it is further

ORDERED that Plaintiff is assessed a filing fee of $350.00 which shall be deducted from his prison account pursuant to 28 U.S.C. § 1915(b)(2) in the manner set forth below, regardless of the outcome of the litigation; and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(b)(1)(A), Plaintiff is assessed an initial partial filing fee equal to 20% of the average monthly deposits to the Plaintiff's prison account for the six month period immediately preceding the filing of the Complaint; when funds exist, the New Jersey Department of Corrections shall deduct said initial fee from Plaintiff's prison account and forward it to the Clerk; and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(b)(2), until the $350.00 filing fee is paid, each subsequent month that the amount in Plaintiff's prison account exceeds $10.00, the New Jersey Department of Corrections shall assess, deduct from the Plaintiff's account, and forward to the Clerk payments equal to 20% of the preceding month's income credited to Plaintiff's prison account, with each payment referencing the docket number of this action; and it is further

ORDERED that the Clerk shall serve this Memorandum Opinion & Order filed herewith upon Plaintiff by certified mail, return receipt requested; and it is further

ORDERED that the complaint is dismissed.  Such dismissal is with prejudice as to Plaintiff's claims against his warden, but without prejudice as to Plaintiff's claims against the remaining Defendants; and it is further

ORDERED that Plaintiff may file an amended complaint clarifying his claims against the remaining Defendants in accordance with the guidance provided to him herein; Plaintiff's submission of his amended complaint shall be made within thirty days from the date of entry of this Order; and it is finally

ORDERED that the Clerk shall close the file on this matter subject to reopening in the event of the Clerk's receipt of Plaintiff's timely submitted amended pleading.

s/Robert B. Kugler  
**Robert B. Kugler**  
**United States District Judge**